```
             UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Stephen G. Burke

    v.                                           Case No. 21-cv-863-SM
                                                 Opinion No. 2024 DNH 018

United States of America

## O R D E R

Stephen G. Burke petitions, pursuant to 28 U.S.C. § 2255, to challenge his convictions under 18 U.S.C. § 924(c), on the ground that his predicate offenses are not violent felonies in light of the decision in United States v. Davis, 139 S. Ct. 2319 (2019). Counsel was appointed to represent Burke in this case. The government moves to dismiss the petition as a second or successive petition without authorization from the First Circuit Court of Appeals.

Under § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), a petitioner is required to obtain authorization from the appropriate court of appeals before filing a second or successive § 2255 petition in the district court. "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." Bucci v. United States, 809 F.3d 23, 25-26 (1st Cir. 2015). Without First Circuit authorization, this court lacks jurisdiction to consider the petition.

Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).  In that event, the court must either dismiss or transfer the petition to the Court of Appeals.  § 2255(h) & § 2244(b)(3)(A).

    Burke filed a petition under § 2255 in 2002, Burke v. United States, 02-cv-90-SM, which was denied on the merits, and the court denied a certificate of appealability.  Doc. no. 25.  The First Circuit affirmed the denial of the certificate of appealability.  Doc. no. 32.  In 2011, Burke sought authorization from the First Circuit to file a second petition, which was denied on January 10, 2012.  United States v. Burke, 96-cv-50, doc. no. 1222.  Burke then filed another § 2255 petition in this court, which the court transferred to the First Circuit to consider authorization, which was denied.  Burke v. United States, 14-cv-252-SM (doc. nos. 4 & 7).

    After the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), Burke received First Circuit authorization to file a § 2255 petition, seeking relief from his sentences imposed under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e).  Burke v. United States, 17-cv-328-SM, 2018 WL 3653257.  The court denied the petition because Burke's predicate offenses, "two federal bank robbery convictions and one Massachusetts conviction for Assault with Intent to Murder," satisfied the elements clause of the ACCA, precluding application of the residual clause held to be unconstitutionally

vague in Johnson.  Burke v. United States, 17-cv-328-SM, 2018 WL 3653257, at *2 (D.N.H. Aug. 1, 2018).

In his current petition, Burke argues that his predicate offenses do not qualify as crimes of violence for purposes of his convictions under § 924(c), in light of United States v. Davis, 139 S. Ct. 2319 (2019).  Burke did not move for authorization to file the current successive § 2255 petition.  The government argues that the petition is untimely and, for that reason, the First Circuit is unlikely to authorize it as a successive § 2255 petition.

This court lacks jurisdiction to consider the petition.

## Conclusion

For the foregoing reasons, the government's motion to dismiss (document no. 15) is granted.  The clerk of court shall enter judgment accordingly and close the case.  The court denies a certificate of appealability, see 28 U.S.C. § 2253(c)(2), and does not transfer this petition, without prejudice to Burke seeking authorization from the United States Court of Appeals for the First Circuit.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

March 19, 2024

cc:  Counsel of Record

3